FREDERICK P. SCHMIDT, Respondent, *v.* INTERURBAN STREET RAILWAY COMPANY, Appellant.

*Negligence — driving a wagon on a railroad curve at a street corner without looking back — rear-end collision — contributory negligence.*

A man who, in the daytime, attempts to drive a wagon across a street railway track at a street corner where the road curves into another street without taking the slightest precaution, either by looking behind or by listening, to ascertain whether or not it is safe for him to do so, cannot recover damages for

personal injuries sustained by him in consequence of a collision between his wagon and a car which was coming directly behind him on the curve and which, so far as appeared, could not have been prevented from colliding with the wagon.

APPEAL by the defendant, the Interurban Street Railway Company, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 26th day of December, 1902, after a trial before the court without a jury.

*William E. Weaver* [*Arthur K. Wing* with him on the brief], for the appellant.

*Morris W. Hart*, for the respondent.

HIRSCHBERG, J. :

The plaintiff has recovered judgment for damages because of personal injuries sustained as the result of a collision between one of defendant's cars and an ice wagon which he was driving. He failed, however, to make out his cause of action, inasmuch as no proof was made of the absence of contributory negligence.

The accident occurred at the corner of Battery place and Greenwich street in daylight. The plaintiff was on his way from South Ferry to Washington street, and was driving westerly along Battery place north of the railroad tracks. When he arrived at Greenwich street it was necessary for him in order to reach Washington street to drive across the tracks as they curve from Battery place into Greenwich street, and as he was doing so he was struck on the first track by a north-bound car, and thrown out and injured. He gave no evidence tending to indicate that he either looked or listened before driving on the track, nor was any such evidence given by any witness in his behalf. On the contrary, the evidence tends in the other direction. His helper, who was with him at the time, when asked if he saw a car, answered, " we go about to see what was ahead of us, *we don't look behind*," and further testified as follows : " Q. You say you never look behind you ? A. No, sir. Q. You didn't see the car, did you ? A. I did when I jumped in between the two horses. Q. That is the first time you saw the car ? A. That is the first time I see it when it struck it — right after it struck.

\* \* \*  Q. You didn't look around to see if there was any car coming along? A. I did when I jumped off and saw what hit us, I saw the car then.  Q. Before you was hit you didn't see any car? A. Why no, sir, *we never look back.* \* \* \*  Q. You didn't look for any car, did you, until after you was hit? A. Until we were hit; as I jumped I seen — 1 looked back to see what struck us and I see the car right there then.  Q. That is the first time you saw the car? A. Yes, sir." The plaintiff was not even asked whether he either saw a car or looked or listened for one before driving on the track. The inquiries addressed to him were confined to the time when he started from Whitehall street into Battery place, and the information elicited was that *so far as he saw* no car was then in sight.

It is unnecessary to cite authorities in support of the proposition that a judgment for negligence cannot be legally recovered in the absence of proof indicating due care on the part of the plaintiff. The case appears to have been tried upon the theory that the driver of an ice wagon is under no obligation to look behind before driving upon a railroad track. If, however, danger is to be apprehended from that quarter, the obligation to use the senses in the exercise of care is quite as imperative in his case as in that of any other traveler similarly situated, having due regard, of course, to the limitations and the inconveniences of the surroundings. There is no absolution from a discharge of the legal duty. As the case is presented the plaintiff was injured because he drove upon a railroad track to cross it at a curve without taking the slightest precaution to ascertain whether or not it was safe to do so, and he was struck by a car coming directly behind him upon the curve, and which, so far as the evidence shows, could not possibly have been prevented from coming into the collision thus recklessly invited.

The judgment should be reversed.

Goodrich, P. J., Bartlett, Woodward and Jenks, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.